**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| JENNETTA CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-04053-NKL |
| ) | |
| RICHARD KING AND RICHARD ) | |
| KING ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Defendant Richard King's Motion for Summary Judgment, Doc. 34. For the following reasons, the motion is granted.

**I.  Background**

On August 4, 2013, Plaintiff Jennetta Curtis visited the Blue Note in Columbia, Missouri. While walking down the stairs, she fell and suffered a broken right ankle and badly sprained left ankle. Curtis alleges that the Blue Note had poor lighting, especially on the stairs, and that had there been "efficient lighting" the injury would not have occurred. She subsequently filed the present suit, pro se, against Richard King and Richard King Enterprises, Inc.

**II.  Summary Judgment Standards**

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011). The moving party bears the burden of establishing a lack of genuine issue of fact. *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010). If the movant satisfies this burden, then the non-moving party "must set forth specific facts sufficient to raise a

genuine issue for trial and cannot rest on allegations in the pleadings." *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012) (quoting *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1393 (8th Cir. 1997)). The rule requires summary judgment to be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party." *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003) (citation omitted).

### III. Discussion

Curtis's claim sounds in premises liability, rather than general negligence. *See Pippin v. Hill-Rom Co.*, 615 F.3d 886, 890 (8th Cir. 2010). "Premises liability is triggered when the claimed cause of injury is a dangerous condition of the property on which the injury occurred . . . ." *Id.* (citing *Haney v. Fire Ins. Exch.*, 277 S.W.3d 789, 791 (Mo. Ct. App. 2009)); *see* Complaint, Doc. 4, pp. 5, 7 ("Mr. Richard's establishment had poor lighting . . . ," and "had the establishment in question had efficient lighting . . . the injury would not have happened."). Premises liability "generally is limited to those who own or control the property." *Haney*, 277 S.W.3d at 791.

Defendant King seeks summary judgment because he did not own the Blue Note at the time of Curtis's injury, and because Curtis has made no other allegation as to why he is personally liable. In support, King submits an affidavit stating that Richard King Enterprises owned the Blue Note on August 4, 2013, and that he merely served as President of Richard King Enterprises.

Curtis argues that Defendant King did own the Blue Note on the night of her fall, and submits several documents to support her position.[1] Most of the documents, however, are either dated 2014 or later, or do not have a date at all. The only document that is dated before Curtis's fall, which is also the only document that relates to ownership of the Blue Note, is a general warranty deed that purports to show that King transferred the Blue Note property to Richard King Enterprises, Inc. in 1998. Doc. 41-1, p. 9. Thus, the only evidence that Curtis possesses related to ownership indicates that the Blue Note building is owned by Richard King Enterprises. Therefore, summary judgment on Curtis's claim against King based on ownership of the Blue Note is appropriate.

Curtis also appears to argue that Defendant King is personally liable as President of Richard King Enterprises. However, in Missouri, "merely holding a corporate office will not subject one to personal liability for the misdeeds of the corporation." *Zipper v. Health Midwest*, 978 S.W.2d 398, 414 (Mo. Ct. App. 1998) (citing *Grothe v. Helterbrand*, 946 S.W.2d 301, 304 (Mo. App. 1997). Rather, to be held individually liable for tortious misconduct, a corporate officer must have "had actual or constructive knowledge of, and participated in, an actionable wrong." *State ex rel. Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004). Curtis makes no allegation that King had any knowledge of poor lighting at the Blue Note, or otherwise is personally responsible. Indeed, when asked at her deposition why she believes King is responsible for her fall, Curtis only responded "because he's part owner of the business." [Deposition of Jennetta Curtis, p. 41:23-25, exhibit B]. Therefore, Curtis's argument that King is personally liable because he was President of Richard King Enterprises also fails.

---

[1] Defendant objects to Plaintiff's use of the documents, arguing that they have no foundation and were not produced in discovery. As they are not harmful to Defendant's position, the Court will consider them. However, Plaintiff is advised that evidence must be authenticated, *see* Fed. R. Evid. 901, and any evidence used at trial must be disclosed to the Defendants promptly. *See* Fed. R. Civ. P. 37(c).

Curtis fails to rebut Defendant King's contentions, or otherwise make a showing sufficient to establish that King owned the Blue Note on the night of her fall. She also presents no other argument or evidence to impose liability on King individually. Therefore, the Court grants summary judgment in favor of Defendant Richard King. *See Celotex Corp.*, 477 U.S. at 322.

### IV.     Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment, Doc. 34, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 14, 2018
Jefferson City, Missouri